UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| THOMAS NEAL JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 09-125-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| LARRY D. CHANDLER, Warden, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon the Motion for Extension of Time to File Notice of Appeal [R. 35] filed by the Petitioner, Thomas Neal Jackson. The Respondent has filed a Response to that motion [R. 37], objecting to the Petitioner's request and Jackson has filed a Reply [R. 38]. For the reasons set forth below, the Court will deny Jackson's Motion.

Adopting Magistrate Judge Wier's Recommended Disposition [R. 27], this Court denied Jackson's petition for habeas corpus and entered Judgment in favor of the Respondent. [R. 30, 31.] That Judgment was entered on March 26, 2010. Pursuant to Federal Rule of Appellate Procedure 4(a)(1), a notice of appeal in a civil case "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1). Including the three days for service, *see* Fed. R. App. P. 26(c), Jackson therefore had until April 28, 2010, to file his notice of appeal. The Clerk of Court, however, did not receive Jackson's Notice of Appeal [R. 32] until April 29, the day after the deadline.

Counsel for the Petitioner states that she prepared the Notice of Appeal on April 27, 2010. She admittedly neglected to ask her administrative assistant to send the Notice by

overnight mail. Thus, the Notice was sent by registered mail and arrived a day beyond the filing deadline. Counsel suggests that her failure to ensure that the Notice was mailed via overnight carrier should be deemed excusable neglect.

As noted previously, Jackson had thirty days from entry of judgment to file his notice of appeal. *See* Fed. R. App. P. 4(a)(1). The Supreme Court has held that "[t]his 30-day time limit is 'mandatory and jurisdictional.'" *Browder v. Director, Ill. Dep't of Corrs.*, 434 U.S. 257, 264 (1978) (citations omitted); *see also Coleman v. Thompson*, 501 U.S. 722, 751 (1991). However, Fed. R. App. P. 4(a)(5) "allows a district court to extend the time period during which a party may file a notice of appeal if the party seeks an extension within thirty days after the appeal has expired" and if the party demonstrates excusable neglect. *See Zack v. United States*, 133 F.3d 451, 452-53 (6th Cir. 1998) (clarifying that a showing of excusable neglect is required when the motion is brought after the time for filing the notice of appeal has run). Rule 4(a)(5) states, in pertinent part, that:

> (A) The district court may extend the time to file a notice of appeal if:
>
>> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>>
>> (ii) that party shows excusable neglect or good cause.
>
> (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.
>
> (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later.

Fed. R. App. P. 4(a)(5).

Here, Jackson submitted his motion for extension after the time for filing his notice of appeal had expired. Under such circumstances, this Court can only grant the Petitioner's motion upon a showing of excusable neglect or good cause. *See* Fed. R. App. P. 4(a)(5)(A)(ii). Jackson's counsel maintains that her failure to ensure that the Notice of Appeal was sent via overnight mail was excusable neglect. The Court disagrees.

To the extent that filing the notice was within counsel's control, her failure to ensure its timely submission constitutes neglect. Such an inadvertent oversight occasionally happens to even the most diligent practitioners. What is absent here, however, is an excuse. Jackson's attorney essentially states that she forgot to ask her assistant to send the notice via overnight mail. While that arguably explains why the notice was not received on the last day of the thirty-day time period, it sheds no light on why the notice could not or should not have been prepared and submitted sooner. As the Sixth Circuit has aptly noted, "the filing of a notice of appeal does not require much thought or time and the fact that an attorney [is] 'busy' on another matter [does] not constitute excusable neglect.'" *Baker v. Raulie*, 879 F.2d 1396, 1400 (6th Cir. 1989) (citation omitted) (brackets in original). Although the Court is sympathetic to the busy schedules of counsel and the difficult task of managing multiple deadlines simultaneously, those are part and parcel of the practice of law. Indeed, there is nothing unique or extraordinary about these circumstances. *See Duncan v. Washington*, 25 F.3d 1047, 1994 WL 232397, *2 (6th Cir. May 27, 1994) (citing *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989) ("It is well settled that leave to file an untimely notice of appeal is to be granted only in unique or extraordinary circumstances.")).

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that the

Petitioner's Motion for Extension of Time to File Notice of Appeal [R. 35] is **DENIED**.

This the 2nd day of August, 2010.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge